UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA KALCHERT,

    Plaintiff,

v.

CYNTHIA ADAMEK et al.,

    Defendants.

Case No. 24-12637
Honorable Laurie J. Michelson

_____

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
WELLPATH AND WELLPATH INDIVIDUAL DEFENDANTS' MOTION
TO DISMISS [20]**

_____

Joshua Kalchert arrived at the Oakland County Jail on October 15, 2021, after the Berkley Police Department arrested him for a parole violation. (ECF No. 28, PageID.687.) During booking, Kalchert told jail officials that he wanted medical attention because he had a "swollen left wrist and arm with pain and a limited range of motion." (*Id.* at PageID.687–688.) During a medical screening on October 16, Kalchert informed medical officials that he was undergoing withdrawal from drug use, including experiencing seizures. (*Id.* at PageID.688.) On October 17, Kalchert told medical officials that his wrist and arm were getting worse. (*Id.*) Later that evening, Kalchert was found unresponsive, experienced a possible seizure, and was transported to a local hospital where he was "diagnosed with sepsis, necrotizing fasciitis, and an abscess in his left arm with pain from his elbow down to his left hand," which increased his white blood cell count and respirations and required "surgical intervention." (*Id.* at PageID.688–689.)

Kalchert brought suit under 42 U.S.C. § 1983 against Wellpath, three Oakland County Jail medical officials employed by Wellpath, and Oakland County. (ECF No. 1, PageID.2–5.) On November 15, 2024, Wellpath docketed a Suggestion of Bankruptcy and Notice of Stay. (ECF No. 9.) This case was then stayed. (ECF No. 13.) Following several months of bankruptcy proceedings, on May 1, 2025, the United States Bankruptcy Court for the Southern District of Texas entered its findings of fact, conclusions of law, and order "(I) Confirming the First Amended Joint Chapter 11 Plan of Reorganization of Wellpath Holdings, Inc. and Certain of its Debtor Affiliates . . . ." (the "Bankruptcy Plan") (ECF No. 20-3.) The stay in this case was then lifted. (ECF Nos. 17, 18.) And soon after, Wellpath and the individual defendants filed this motion arguing that Kalchert's claims were extinguished by the bankruptcy proceedings. (ECF No. 20.) The motion is fully briefed (ECF Nos. 28, 30) and does not require further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons provided below, the motion (ECF No. 20) will be GRANTED IN PART and DENIED IN PART.

## I.

Start with Wellpath, which argues that the Bankruptcy Plan forecloses any claim against it. (ECF No. 20, PageID.180–181) (arguing that "all Claims and Causes of Action against . . . Wellpath, LLC., are discharged and holders of such Claims and Causes of Action are permanently enjoined from, among other things, commencing or continuing any proceeding of any kind, including the instant proceeding . . . ."). Kalchert, on the other hand, maintains that "Wellpath is and remains a necessary

party to determine liability and damages as the Bankruptcy Court has ordered," so "[i]t should not be dismissed." (ECF No. 28, PageID.695.)

The Bankruptcy Code prohibits a creditor from "recover[ing] or offset[ing] any such debt as a personal liability of the debtor," 11 U.S.C. § 524(a)(2). But it leaves open the possibility that a debtor may collect from another entity liable for the debt, like an insurer. *See id.* at § 524(e) (providing that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"). So looking at the Bankruptcy Code alone, Kalchert's request that Wellpath remain as a nominal defendant so he can seek to collect from an insurer seems permissible. *See, e.g.*, *In re Talley*, 656 B.R. 422, 424 (Bankr. E.D. Mich. 2024) (requiring debtor to remain in the suit to determine liability which, if found, the plaintiff would collect from a third party).

But the Court cannot look at the Bankruptcy Code alone because this case involves a governing Bankruptcy Plan. And that Plan does not permit maintaining Wellpath as a nominal defendant. Indeed, the Plan specifies that Wellpath's Liquidating Trust is the proper entity to pursue in a nominal capacity:

> Holders of personal injury tort and wrongful death Claims against the Debtors are subject to the Trust Distribution Procedures ("TDPs"), including the non-binding alternative dispute resolution process set forth therein to determine, if necessary, the allowed amount for their Claim. Such holders of personal injury tort and wrongful death claims may also seek determinations of the Debtors' liability by the appropriate civil court pursuant to 28 U.S.C. § 157(b)(5) with the Liquidating Trust as a nominal party (a) to the extent such inclusion is necessary to recover against available third-party insurance proceeds or an unreleased Non-Debtor Defendant, or (b) to establish or liquidate the amount of their claim for distribution under the Plan from the Liquidating Trust….

(ECF No. 20-4, PageID.393 (General Form of Order Regarding Lift Stay Motions from the Bankruptcy Court).) So Kalchert, as the holder of constitutional tort claims, may proceed against Wellpath pursuant to the alternative dispute resolution (ADR) procedures set forth in the Bankruptcy Plan, which would take place in the Bankruptcy Court. (*See* ECF No. 30-8, PageID.1123.) Or he may litigate against Wellpath's Liquidating Trust as a nominal party for the purpose of establishing liability in this Court. 28 U.S.C. § 157(b)(5). But, in light of the Bankruptcy Plan, he may not maintain Wellpath itself as a nominal defendant.[1]

Several other courts in this Circuit have reached the same conclusion. *See Lee v. Wellpath Corp.*, No. 24-39, 2025 WL 3898108, at *2 (W.D. Mich. Dec. 10, 2025), *report and recommendation adopted*, No. 24-39, 2026 WL 36576, at *1 (W.D. Mich. Jan. 6, 2026) (granting Wellpath's motion to dismiss based on the bankruptcy order); *Wilhite v. Parr-Mirza*, No. 24-11815, 2025 WL 3166810, at *4 (E.D. Mich. Oct. 23, 2025) (granting Wellpath's motion to dismiss "based on bankruptcy discharge and confirmation order" but "without prejudice to [plaintiff] seeking any appropriate relief in the U.S. Bankruptcy Court for the S.D. Tex. or in the Court of Appeals for the Fifth Circuit"); *Altantawi v. Bouchard*, No. 22-11906, 2025 WL 3491556, at *4 (E.D. Mich. Oct. 20, 2025), *report and recommendation adopted*, No. 22-11906, 2025 WL 3281534 (E.D. Mich. Nov. 25, 2025) (granting motion to dismiss "without prejudice to

---

[1] Kalchert appears to recognize this reality. (ECF No. 28, PageID.701.) ("Plaintiff intends to file a Motion to Request Leave to amend the Complaint to add the Wellpath Liquidating Trust as a nominal defendant.") There has been no such request, but as described below, Kalchert is granted leave to amend to do so.

4

Plaintiff's right to seek any appropriate relief" in the bankruptcy court); *Jones v. Correct-Care Sols.*, No. 23-70, 2025 WL 2553486, at *10 (W.D. Ky. Sept. 4, 2025) (granting Wellpath's motion to dismiss and specifying that to participate in ADR with the Liquidating Trust, that motion must be filed in the bankruptcy court or with the administrators of the Liquidating Trust).

## II.

Now to the individual defendants, who, like Wellpath, seek relief under Federal Rule of Civil Procedure 12(b)(6) "and/or" Rule 56. (ECF No. 20, PageID.185.) Neither will do.

To start, Defendants' motion is not properly brought under Rule 12(b)(6) because they have already answered Kalchert's complaint (ECF No. 16). *See* Fed. R. Civ. P. 12(b); *Prade v. City of Akron*, No. 14-188, 2015 WL 2169975, at *2 (N.D. Ohio May 8, 2015) (explaining that "technically [a] motion is not proper under Rule 12(b)(6)" where a defendant "has already filed his answer"). And they are not disputing the plausibility of the claims. Their contention is that the terms of the Bankruptcy Code and Bankruptcy Plan preclude Kalchert from continuing to pursue such claims against them. Moreover, they rely on materials outside of the pleadings. Thus, the Court will analyze the motion under the Defendants' alternate path of summary judgment. *See Wershe v. City of Detroit, Michigan*, 112 F.4th 357, 372 (6th Cir. 2024), *cert. denied sub nom. Wershe v. City of Detroit*, 145 S. Ct. 1128 (2025) ("If a district court considers materials outside the pleadings at the motion to dismiss

stage, it must ordinarily convert the motion to dismiss into a motion for summary judgment.")

But even under that standard, there exists a fact issue over whether Kalchert received notice of the Bankruptcy Plan's opt-out procedures such that he should be permitted to continue his claims in this Court against the individual defendants, and whether Kalchert did, in fact, opt out. Neither party provides *any* admissible evidence on this issue—not a single sworn piece of testimony or document—to support their assertions one way or the other. (*See* ECF Nos. 20, 28, 30.) Far from the individual defendants meeting their burden to show that "there is no genuine dispute as to any material fact," Fed. R. Civ. P. 56(a), they do the opposite: "Upon information and belief, Plaintiff was served with notice of the Wellpath Bankruptcy Proceedings, and sent pertinent documents . . . [p]resently, counsel has been unable to locate documentation confirming the above information." (ECF No. 30, PageID.733.) So summary judgment is unwarranted on this non-existent evidentiary record.

### III.

For the reasons above, Defendants' motion (ECF No. 20) is GRANTED IN PART and DENIED IN PART. Wellpath is dismissed, Kalchert is granted leave to add the Liquidating Trust as a nominal defendant, and the individual defendants remain. The parties should consider pursuing and/or resolving Kalchert's opt-in/opt-out status in the United States Bankruptcy Court for the Southern District of Texas.

IT IS SO ORDERED.

Dated: February 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE